## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD ANTHONY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-21-0533-F |
| | ) | |
| CITY OF OKLAHOMA CITY, a | ) | |
| political subdivision of the State of | ) | |
| Oklahoma, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Caleb Gottschalk moves for dismissal from certain claims under Rule 12(b)(6), Fed. R. Civ. P.  Doc. no. 20.  Plaintiff Richard Anthony responded, objecting to one of Gottschalk's arguments for dismissal.  Doc. no. 25.  Gottschalk filed a reply brief.  Doc. no. 26.

<u>Standards</u>

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face.  <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007).  To survive a  motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible.  *Id*. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.  <u>Ridge at Red Hawk</u>, 493 F.3d at 1177.  In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations

and views them in the light most favorable to the plaintiff. *Id*. Pleadings that are no more than legal conclusions are not entitled to the assumption of truth; while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S.662, 664 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. The court will disregard mere "labels and conclusions" and "[t]hreadbare recitals of the elements of a cause of action" to determine if what remains meets the standard of plausibility. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## The Amended Complaint[1]

Bearing in mind that the court takes well-pleaded facts as true at this stage, the gist of the alleged facts–including some adjectives used in the complaint–is as follows. Doc. no. 8, ¶¶ 1-49.

After plaintiff was unable to enter his apartment because he did not have a key, he contacted the apartment's on-site security guard, defendant Randy Rigsby, and asked for his door to be opened. Rigsby refused plaintiff access to his apartment, after which plaintiff made a "passing comment" that he could break down his door, although plaintiff took no action in that regard. Rigsby called police and stated that someone was trying to break into the apartments.

Police officers for the City of Oklahoma City arrived at the apartment complex. They parked their vehicles several feet from the scene, without their lights or sirens activated. In the dark, Officer Gottschalk ordered plaintiff to take his hand

---

[1] From this point forward, this order refers to the amended complaint as "the complaint."

out of his pocket.  When plaintiff failed to respond within a few seconds, Gottschalk, without having identified himself as a police officer and without having advised plaintiff that he was responding to a call regarding a disturbance, pepper-sprayed plaintiff in the eyes.  Gottschalk then handcuffed plaintiff by yanking plaintiff's arms behind his back.  After plaintiff protested that he had not done anything and told Gottschalk to talk to a particular lieutenant who would tell Gottschalk to "back the fuck off," Gottschalk became angry.  Gottschalk grabbed plaintiff's shirt, kicked plaintiff's feet out from under him, flipped plaintiff over, and smashed plaintiff's head into a wall.  Gottschalk then asked plaintiff, "What are you doing over here anyway?"  At that point, plaintiff told the officers that he lived at the apartments.

As a result of blood rushing from plaintiff's head, a decision was made to take plaintiff to the hospital.  Plaintiff was examined by doctors and diagnosed with a severe concussion.  The doctors instructed Oklahoma City that plaintiff should be discharged to his home and should be awakened every two hours to check for appropriate mentation.  Instead of taking plaintiff home, plaintiff was taken to the Oklahoma County Jail where he was booked on frivolous misdemeanor charges.  At the jail, plaintiff was not checked on "for hours on end."  When plaintiff eventually awoke, his cellmate said, "Oh thank God, I had to keep kicking you as you kept stopping breathing."

Two weeks after these events, plaintiff began vomiting and his speech was slurred.  Plaintiff has undergone surgery for torn tendons in his shoulder, and he now wears a hearing aid and glasses due to the brain injury he suffered during the alleged events.

Gottschalk's Arguments for Dismissal

Based on the above allegations, the complaint alleges eight "claims for relief," only some of which Gottschalk challenges in his motion.[2]  Gottschalk challenges or seeks clarification of the following claims.

--   The negligence claim (fourth claim for relief) is challenged under the Oklahoma Governmental Tort Claims Act (the GTCA), 51 O.S. 2011 & Supp. 2020 §§ 151 *et seq.*  Gottschalk argues he is not a proper defendant in his individual capacity with respect to the negligence claim because his alleged acts were within the scope of his employment as an Oklahoma City police officer.

--  Gottschalk challenges the assault, battery and wrongful arrest claims (fifth, sixth and seventh claims for relief) on limitations grounds.  He also argues that to the extent the wrongful arrest claim is intended to be brought under the Fourth Amendment, any such claim is foreclosed as a matter of law because, following plaintiff's arrest on the night in question, plaintiff was convicted of interfering with official process--resisting an officer, as well as public drunkenness, and those convictions have not been invalidated by a state or federal court.[3]

--  Gottschalk asks the court to dismiss the first claim for relief to the extent it is brought under article 2, section 30 of the Oklahoma Constitution, which is referenced in that claim.  He argues that Oklahoma does not recognize a private cause of action against individual officers under state constitutional provisions.

--  With respect to the second claim for relief, Gottschalk argues that "cruel and unusual punishment" (a phrase used in the title of this claim but not in the

---

[2] Gottschalk does not challenge the excessive force claim brought under 42 U.S.C. § 1983 (first claim for relief) or the claim for intentional infliction of emotional distress (eighth claim for relief). The third claim for relief also is not challenged as it is a § 1983 municipal liability claim alleged only against Oklahoma City.

[3] Gottschalk offers public documents to establish these facts, of which the court takes judicial notice.

paragraphs which comprise it) is not applicable because the Eighth Amendment does not apply to pretrial detainees. Gottschalk does not, however, challenge the second claim to the extent it is premised on the Fourteenth Amendment (the amendment referenced in the title of this claim), although he argues this claim should be recharacterized as a fourteenth amendment claim for deliberate indifference to plaintiff's medical needs.

-- Gottschalk asks the court to dismiss all official capacity claims alleged against him because they are redundant to the claims alleged against Oklahoma City.

### Arguments That Have Been Conceded

Except for Gottschalk's challenge to the negligence claim, plaintiff's response brief concedes defendants' arguments for dismissal or clarification. *See*, doc. no. 25, p. 9 (assault, battery, wrongful arrest), p. 7 (official capacity claims; no claims alleged in this action under the Oklahoma Constitution), p. 8 (no objection to recharacterizing second claim for relief).

Based on these concessions, Gottschalk will be dismissed from plaintiff's claims alleged against him in his individual capacity for assault, battery and wrongful arrest. Gottschalk will also be dismissed from claims alleged against him in his official capacity. To the extent the complaint appears to allege a claim under the Oklahoma Constitution, any such claim will be dismissed. The second claim for relief will be deemed to allege a claim under the Fourteenth Amendment for deliberate indifference to plaintiff's serious medical needs (rather than a claim for cruel and unusual punishment under the Eighth Amendment).

### The Negligence Claim Against Gottschalk

These rulings leave only the negligence claim for consideration.

Gottschalk argues the negligence claim fails because the proper defendant with respect to this claim is not Gottschalk but Oklahoma City. Gottschalk argues that the GTCA provides the exclusive remedy for an injured party to recover against

an employee acting within the scope of his employment for a governmental entity, and that the GTCA protects Gottschalk from a negligence claim based on conduct within the scope of his employment.[4]  Gottschalk argues that any duty he arguably owed plaintiff (duty being the first inquiry in a negligence claim) necessarily arose out of Gottschalk's employment and responsibilities as a police officer.  As a result, Gottschalk contends there can be no negligence claim for any conduct outside the scope of his employment.  Gottschalk cites authorities in support of this proposition, including <u>Salazar v. City of Oklahoma</u> City, 2016 WL 415093 (W. D. Okla. Aug. 4, 2016) (Miles-LaGrange, J., granting officer's motion to dismiss).   In sum, Gottschalk argues that he is entitled to immunity under the GTCA with respect to conduct that is within the scope of his employment, and he argues no duty was owed for any conduct arguably outside the scope of his employment.

Plaintiff does not contest that Gottschalk would be entitled to dismissal to the extent the negligence claim is based on conduct within the scope of Gottschalk's employment.  Plaintiff argues, however, that the negligence claim should not be dismissed because it is presently unclear whether all of Gottschalk's relevant conduct was within the scope of his employment.  Plaintiff cites orders which have denied motions to dismiss negligence claims alleged against individual police officers.

Gottschalk's motion will be denied for several reasons.

First, the complaint does not, on its face, foreclose plaintiff's theory of the case, which is that some of Gottschalk's relevant conduct may have been outside the scope of his employment.  Although Gottschalk notes the introductory portion of the

---

[4] *See*, 51 O.S. §§ 152.1, 163(C) ("The state, its political subdivisions, and all of their employees acting within the scope of their employment…shall be immune from liability for torts";  "In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as  a defendant….").

complaint alleges Gottschalk "<u>engaged in conduct complained of</u> under color of law, <u>in the scope of his employment as a law enforcement officer</u>, and a representative of OKC," (doc. no. 8, ¶ 10, emphasis added), that is not *quite* the same thing as alleging that all of Gottschalk's relevant conduct was within the scope of his employment.

Second, the court is not persuaded by Gottschalk's argument that, on the alleged facts of this case, there can be no negligence claim against Gottschalk for any conduct outside the scope of employment because Gottschalk owed no duty to plaintiff other than the duty he owed as a police officer. As stated by Judge DeGiusti in <u>Lippe v. Howard</u>, 2018 WL 563184, *8 (W.D. Okla. Jan. 25, 2018):

> Howard asserts that he owed no duty to Mrs. Lippe outside his duties as a police officer. The Court disagrees. Whether the defendant owed the plaintiff a duty of care is the threshold question in any negligence action. *Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007). Under Oklahoma law, absent a special relationship or relationship grounded in contract, "a person owes a duty of care to another person whenever the circumstances place the one person in a position towards the other person such that an ordinary prudent person would recognize that if he or she did not act with ordinary care and skill in regard to the circumstances, he or she may cause danger of injury to the other person." *Id.*

*Id*. at *8.[5]

*And see*, <u>Graham v. City of Lone Grove, Oklahoma</u>, 2020 WL 1451556, **4-5 (E.D. Okla. March 25, 2020) (denying motions to dismiss negligence claims against two police officers who allegedly failed to identify themselves as law enforcement before shooting the plaintiff; court held the complaint described conduct which supported a negligence claim for acts outside the scope of the

---

[5] Gottschalk points out that unlike the alleged facts of this case, Howard was at home, off duty, and not in uniform when he pointed the gun at the plaintiff, whom he suspected of burglary. Gottschalk also argues that Judge DeGiusti relies on the duty of care an individual citizen with a firearm owes to protect another from injury with that firearm—a specific duty not involved in this case.

officers' employment; the complaint (unlike the complaint in this case) expressly alleged the officers' conduct was within the scope of their employment, or, alternatively, outside the scope of their employment; court stated that except in cases where only one reasonable conclusion can be drawn, the scope of employment issue is for the trier of fact; court noted this issue could be re-urged at the summary judgment stage).

While rulings can be found which go both ways on this issue at the motion to dismiss stage, the varying results are largely driven by allegations specific to each case. Here, the allegations plausibly support a negligence claim against Gottschalk for acts outside the scope of his employment.

Third, it is not known what, if any, additional facts regarding Gottschalk's conduct may be developed in discovery.

The more prudent course is to decline to dismiss Gottschalk from the negligence claim at this early stage.

<u>Conclusion</u>

The motion is **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** to the following extent. Gottschalk, as a defendant in his individual capacity, is **DISMISSED** from the claims for assault, battery and wrongful arrest (the fifth, sixth and seventh claims for relief). Gottschalk is also **DISMISSED** from all claims alleged against him in his official capacity. Any claim arguably alleged under the Oklahoma Constitution is **DISMISSED**.[6] The § 1983 claim alleged in the second claim for relief is **DEEMED** to allege deliberate

---

[6]This ruling applies to all defendants.

indifference to plaintiff's serious medical needs under the Fourteenth Amendment, and to allege no claim under the Eighth Amendment.[7]

The motion is **DENIED** to the extent Gottschalk seeks dismissal from the negligence claim (the fourth claim for relief).

Gottschalk remains a defendant for purposes of the first claim for relief (§ 1983 claim for excessive force, not challenged at this stage), the second claim for relief (deemed a § 1983 claim for deliberate indifference to plaintiff's serious medical needs, brought under the Fourteenth Amendment), the fourth claim for relief (negligence) and the eighth claim for relief (intentional infliction of emotional distress, not challenged at this stage).

IT IS SO ORDERED this 2nd day of August, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0533p003.docx

---

[7]This ruling applies to all defendants.